UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COWTOWN FOUNDATION, INC., *et al.*,

    *Plaintiffs*,

  v.

U.S. DEPARTMENT OF AGRICULTURE, *et al.*,

    *Defendants*.

No. 21-cv-1342 (DLF)

**MEMORANDUM OPINION**

    Cowtown Foundation, Inc. (Cowtown) and Leroy Smith, Jr. allege that the United States Department of Agriculture (Department) has implemented its loan programs in a discriminatory manner and disregarded a related consent decree. Before the Court is the government's Motion to Dismiss their complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 13. For the reasons that follow, the Court will grant the government's motion.

**I.    BACKGROUND**

    When considering a motion to dismiss, the Court takes the well-pleaded factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs Cowtown, a "Tennessee Corporation that represents Socially Disadvantaged Farmer members from across the United States," Compl. ¶ 16, Dkt. 1, and Smith, a "Black, Socially Disadvantaged Farmer," *id.* ¶ 17, filed this complaint on May 17, 2021. *Id.* ¶¶ 13–15. Smith alleges that he "has suffered ongoing discrimination and adverse action against him by the respondents." *Id.* ¶ 17. In particular, he alleges that the Department slow-rolled his loan applications, attempted to collect on a debt that he already discharged, and never answered his

1

attendant complaints of discrimination. *Id.* ¶¶ 18–28. Smith states that these actions, which took place between 1993 and 2010, caused him to lose his "home, land, equipment, non-farming business, and affiliated property." *Id.* ¶ 27.

The plaintiffs' complaint raises a variety of statutory and contractual claims. They include that the Department discriminates in administering its loan programs, *id.* ¶¶ 31–32, 36; that the Department has structured its internal complaint process to prevent socially disadvantaged farmers from obtaining relief, *id.* ¶¶ 6–7, 32; that the Department failed to give Smith "a final agency decision from [his] 2009 [anti-discrimination] complaint," *id.* ¶ 29; and that the Department breached the terms of the consent decree in *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999),[1] *id.* ¶¶ 40–43. The plaintiffs also request a wide array of remedies. First, they seek a "formal hearing on the Merits" of Smith's 2009 anti-discrimination claim. Compl. at 22. Second, they seek to declare "all Socially Disadvantaged Farmers' loans written off," pursuant, the complaint implies, to section 1005 of American Rescue Plan Act. *Id.* Finally, the plaintiffs seek additional forms of injunctive relief, which include requiring the Secretary to "release all liens" associated with those loans, *id.*; to "return all offset money taken" through manipulation of complaint procedures, *id.*; and to declare that land owned by socially disadvantaged farmers is "forever barred" from certain collection activities, *id.* at 23. The plaintiffs do not identify any authority, statutory or otherwise, to authorize these other forms of relief. *See id.* at 22–23.

On June 28, 2021, the plaintiffs moved for a preliminary injunction. Dkt. 8. The only arguments in that motion concerned the ongoing administration of the American Rescue Plan

---

[1] That consent decree "established a non-judicial mechanism" for resolving claims "that (1) the USDA denied and delayed African American farmers' applications for loans and other benefits on account of their race, and (2) the USDA ignored and failed to investigate complaints of discrimination" from those farmers. *Parker v. USDA*, 404 F. Supp. 3d 31, 34–35 (D.D.C. 2019).

Act. *Id.* The Court denied the motion for lack of Article III standing because neither Cowtown nor Smith had shown a substantial likelihood that the Department's administration of the Act injured them. *See* Mem. Op. of Aug. 17, 2021 at 5–7, Dkt. 22.

On July 22, 2021, the government moved to dismiss the entirety of the plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 13. Resolving that motion presents the first occasion for the Court to address the arguments that the plaintiffs omitted from their preliminary injunction, including those concerning the Department's internal complaint process, Smith's individual complaint, the Department's administration of its loan programs, and the *Pigford* consent decree. The government's motion is now ripe for review.

## II.     LEGAL STANDARDS

### A.     Federal Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When deciding a motion under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### B. Article III Standing

Federal courts may exercise jurisdiction only when plaintiffs have Article III standing. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). To establish standing, plaintiffs must demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Because "standing is not dispensed in gross," plaintiffs must "demonstrate standing for each claim [they] seek[] to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (internal quotation marks omitted). Even if no party has raised standing, the Court must raise the issue *sua sponte*, *see Cierco v. Mnuchin*, 857 F.3d 407, 415–16 (D.C. Cir. 2017), because "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

As the parties seeking to invoke federal jurisdiction, plaintiffs Cowtown and Smith "bear[] the burden" of establishing standing. *Spokeo*, 578 U.S. at 338. To do so, they must establish each element of standing "in the same way as any other matter on which [they] bear[] the burden of proof." *Bennett v. Spear*, 520 U.S. 154, 167–68 (1997). At the motion to dismiss stage, "a complaint must state a plausible claim that the plaintiff has suffered an injury in fact fairly traceable to the actions of the defendant that is likely to be redressed by a favorable decision on the merits." *Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015).

4

### C.      Federal Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a complaint need not contain "detailed factual allegations," it must contain more than a "legal conclusion couched as a factual allegation." *Id.* (internal quotation marks omitted). In addition, a plaintiff fails state a claim upon which relief can be granted when he fails to identify a cause of action, *see Eagle Tr. Fund v. USPS*, 365 F. Supp. 3d 57, 63 (D.D.C. 2019) (citing *Sacks v. Reynolds Sec., Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978)), or raises claims that fall outside a statute of limitations, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III.     ANALYSIS

### A.      Several of the Plaintiffs' Claims Fail for Lack of Standing

This Court can only resolve claims for which plaintiffs have standing. In its opinion denying the plaintiffs' motion for a preliminary injunction, the Court held that Cowtown failed to establish organizational standing on its own behalf. *See* Mem. Op. of Aug. 17, 2021 at 6–7. The Court also explained that Cowtown's standing was coextensive with Smith's, *see id.* at 7, and that Smith could only challenge conduct that caused him an injury in fact, *see id.* at 5–6. Similar principles apply at the motion to dismiss stage. To establish standing, the plaintiffs must plausibly allege that the Department's conduct caused Smith an injury in fact. *See Humane Soc'y*, 797 F.3d at 8. And because "standing is not dispensed in gross," they must meet this

requirement "for each claim [they] seek[] to press and for each form of relief" they request. *Town of Chester*, 137 S. Ct. at 1650.

Under that standard, the plaintiffs may only prevail on claims for which Smith himself has plausibly alleged an injury in fact. Thus, the plaintiffs have standing to argue that the Department denied Smith a final decision on his antidiscrimination complaint, *see* Compl. ¶¶ 28–29; discriminated against him in administering its loan program, *see id.* ¶¶ 18–21; and breached the *Pigford* consent decree in administering his settlement process, *see id.* ¶ 22. The plaintiffs lack standing, however, to raise programmatic challenges to the Department's conduct. Thus, the plaintiffs may not challenge the Department's alleged failure to issue final decisions to other farmers, *see id.* ¶¶ 6–7, 32; any discriminatory conduct in administering other farmers' loans, *see id.* ¶¶ 31–32, 36; and the Department's general administration of the *Pigford* consent decree, *see id.* ¶¶ 40–43. Similarly, the plaintiffs may not challenge the Department's administration of the American Rescue Plan Act, from which Smith has not alleged a personal injury. *See id.* ¶ 42. The latter set of claims is accordingly dismissed under Federal Rule of Civil Procedure 12(b)(1).

**B.     The Plaintiffs' Remaining Claims Fail on the Merits**

On their remaining claims, the plaintiffs invoke only two causes of action. *See id.* at 20–21. First, the plaintiffs invoke the Declaratory Judgement Act, 28 U.S.C. § 2201, as a vehicle for their challenges "with respect to [the Department's] direct loan programs." *Id.* at 20. And second, the plaintiffs raise a common-law breach of contract claim, on the theory that the Department breached the *Pigford* consent decree. *Id.* at 21. In its motion to dismiss, the government argues that the plaintiffs fail to state a claim under either cause of action. *See* Gov't's Mot. to Dismiss at 12–13, Dkt. 13. For the following reasons, this Court will agree with the government and dismiss the plaintiffs' remaining claims under Federal Rule 12(b)(6).

To begin, the plaintiffs do not state a claim under the Declaratory Judgment Act because that statute does not "provide a cause of action." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citing *C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002)).  The failure to state a cognizable cause of action is sufficient grounds for dismissing the plaintiffs' claims "with respect to [the Department's] direct loan programs," Compl. at 20.  *See Ali*, 649 F.3d at 778.

The plaintiffs also fail to sufficiently plead a breach of contract claim.  Although they argue that the officials tasked with resolving Smith's *Pigford* claim wrongly "denied [him] relief," Compl. ¶ 22, they do not allege how that denial breached the consent decree.  It is insufficient for the plaintiffs to merely claim that a breach occurred.  *See Iqbal*, 556 U.S. at 678.  Moreover, even if those officials' decisions were in error, the plaintiffs may not challenge them in federal court.  *See Parker v. USDA*, No. 19-5301, 2020 WL 6542014, at *1 (D.C. Cir. Oct. 13, 2020).  "[T]he Consent Decree [] includes a 'finality provision' that specifies that decisions of [the above officials] are 'final' . . . and [that] the parties consent 'to forever waive their right to seek review in any court' of 'any claim that is, or could have been[,] decided by' [them.]" *Pigford v. Vilsack*, 777 F.3d 509, 511–12 (D.C. Cir. 2015) (quoting Consent Decree ¶¶ 9(a)(v), 10(i)).  Because the plaintiffs have not identified any ground for avoiding that finality provision, their *Pigford* claim may not proceed.

The plaintiffs also raise several claims for relief for which they identify no cause of action.  To the extent plaintiffs bring an APA unreasonable delay claim under 5 U.S.C. § 706(1), *see* Compl. ¶¶ 1, 8, 34, 37, it is also dismissed.  For the reasons discussed above, the plaintiffs only have standing to challenge unreasonable delays in processing Smith's Department loans, as opposed to loans issued to other socially disadvantaged farmers.  But although the plaintiffs

7

allege in their complaint that Smith never received a final decision on his 2006 discrimination complaint, *see* Compl. ¶¶ 25–26, 28, they admit in their briefing that the Department issued a decision in October 2011, *see* Pls.' Opp'n to Mot. to Dismiss at 8, Dkt. 19.  The Department also submitted that decision as an exhibit.  *See* Gov't's Reply Ex. A., Dkt. 20-1.  For obvious reasons, this Court may not compel an agency action that has already been performed.

Finally, to the extent plaintiffs bring a claim of discrimination under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, *see* Compl. ¶¶ 1, 4, it is also dismissed.  Smith has not farmed since 1996, *see id.* ¶ 21, the Department removed his debt from their records in 2010, *see id.* ¶ 27, and the Department issued a final agency action regarding Smith's complaint in 2011, *see* Gov't's Reply Ex. A.  Thus, Smith's claims fall outside of Title VI's three-year statute of limitations for claims of discrimination.  *See Hajjar–Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 15 (D.D.C. 2012) ("In this Circuit, the statute of limitations for Title VI claims is three years."); *Mwabira–Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 71 (D.D.C. 2010) ("[A]ll of the federal discrimination claims asserted in the amended complaint are subject to dismissal if not brought within three years of the accrual of the alleged injury.").

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is granted and this case is dismissed without prejudice.  An order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

February 17, 2022